# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| DAVID LEE PITTMAN | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 1:08CV211-RHW |
| KEN BROADUS | DEFENDANT |

## SCREENING ORDER DISMISSING CERTAIN CLAIMS

This matter came before the Court for a screening hearing pursuant to 28 U.S.C. § 1915A. David Lee Pittman, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging unconstitutional conditions of confinement at the Jackson County Adult Detention Center. Plaintiff filed his initial complaint on May 22, 2008. The Court then directed him to file an amended complaint on or before July 3, 2008. Plaintiff complied and filed an amended complaint on July 1, 2008, that further detailed the claims raised in his original complaint. Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure allows a party to amend its complaint "once as a matter of course: (A) before being served with a responsive pleading". Hence, Plaintiff's first amended complaint of July 1, 2008, complies with Rule 15.

On July 9, 2008, Plaintiff filed what he captioned as an "Amended Complaint Continued." The pleading is neither signed by Plaintiff nor dated. It was filed beyond the July 3rd deadline established by the Court, and it was filed without leave of Court despite Plaintiff having already filed an amended complaint. *See* Fed. R. Civ. P. 15(a)(2) (providing that other amendments to the complaint may be filed only with written consent of the opposing party or with leave of court). In his amended complaint of July 9, 2008, Plaintiff alleges that (1) he was subjected to excessive force; (2) Defendant has retaliated against him; and (3) he was found

guilty of rules violation reports (RVR) for violating rules of which he had no knowledge. Although the Court questions whether these claims are properly before it, out of an abundance of caution, the Court nevertheless will address them.

By Order dated December 17, 2008, Plaintiff was granted leave to file an amended complaint. In this complaint he alleged that Defendant violated his rights under the Free Exercise Clause of the First Amendment.

**1. Grievance System**

Plaintiff alleges that he lacks access to the inmate grievance system because the jail did not provide him with grievance forms or an adequate grievance system. He further complains that when he did submit written grievances, Defendant would not always respond to them. It is clear from Plaintiff's allegations, pleadings and attachments that he in fact has submitted on occasion written grievances and that Defendant in fact has responded, at least sometimes, to his grievances. Regardless, Plaintiff has failed to state a constitutional claim, because the United States Constitution creates no entitlement to grievance procedures or access to any such procedures voluntarily established by a state. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991); *see also Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986).

**2. Inmate Handbook**

Plaintiff next alleges that he has not been issued an inmate handbook. Consequently, he argues that he does not know what conduct is allowed or not allowed in the jail. The lack of an inmate handbook, without more, does not create a constitutional violation. *See Ruggiero v. County of Orange*, 467 F.3rd 170, 178 (2nd Cir. 2006); *Reynolds v. Wagner*, 128 F.3d 166, 176

(3rd Cir. 1997). However, it is a violation of due process to punish inmates for acts which they could not have known were prohibited. *Reeves v. Pettcox*, 19 F.3d 1060, 1061 (5th Cir. 1994). An inmate is entitled to prior notice or "fair warning" before being subjected to a severe sanction. *Id.* Plaintiff argues that he was found guilty of two rules violations but that he did not have notice that the misconduct was prohibited. Thus, to the extent that Plaintiff merely complains that he has not received an inmate handbook, the Court finds that Plaintiff has failed to state a claim of constitutional magnitude. However, the Court finds that Plaintiff has made sufficient factual allegations to allow him to proceed with the claim of whether he received adequate notice or fair warning before being subjected to particular sanctions.

### 3. Due Process for Lockdown

Plaintiff contends that he was placed in lockdown or solitary confinement in late April 2008, without notice or a hearing. At the screening hearing, Plaintiff stated that he was placed in solitary confinement after he and an officer "had words" with one another. Use of solitary confinement as a punitive measure without affording an inmate due process violates the 14th Amendment. *Pembroke v. Wood County, Tex.*, 981 F.2d 225, 229 (5th Cir. 1993). The relevant inquiry is whether Plaintiff received proper notice and an opportunity to be heard. *See Mitchell v. Sheriff's Dep't, Lubbock, Tex.*, 995 F.2d 60, 62-63 (5th Cir. 1993). The Court finds that Plaintiff has stated a cause of action under the 14th Amendment for violation of his due process rights. The Court finds that this claim is in need of further development and therefore should be allowed to proceed.

### 4. Inadequate Medical Care

Plaintiff next alleges that he received inadequate medical care for a spider bite that

became infected, that he did not receive preventive dental care, and that he has not received temporary relief medications. At his screening hearing, Plaintiff alleged that he suffers from back pain as a result of a slip and fall at the jail. He contends that he has received no treatment whatsoever for his back pain. Plaintiff also expresses concern that he may have been exposed to tuberculosis.

To state a constitutional claim for denial of adequate medical care, Plaintiff must demonstrate that Defendants were deliberately indifferent to Plaintiff's serious medical needs, such that it constituted an unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prison official is not liable for the denial of medical treatment unless the official knows of and disregards an excessive risk to inmate health or safety. *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). An allegation of malpractice or mere negligence is insufficient to state a claim. *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999). Moreover, the fact that a prisoner disagrees with the type of medical treatment does not constitute a constitutional deprivation. *Norman v. Dimazana*, 122 F.3d 286, 192 (5th Cir. 1997).

At the screening hearing, Plaintiff conceded that he did receive some treatment for what he assumes was a spider bite. He does not know for certain whether it was a spider bite, but he does allege that he developed a boil on his face. At first, approximately two days after the boil developed, nurse Jerome Barnes provided Plaintiff with a band aid for the sore. Then approximately two or three days later he received antibiotics for the boil. Plaintiff's allegations of inadequate medical care with respect to the spider bite fail to state a constitutional claim because he has not demonstrated deliberate indifference to his medical condition. He was given a band aid and antibiotics. Plaintiff merely expresses disagreement with the type and frequency

4

of the treatment.

The Court also finds that Plaintiff has failed to state a constitutional claim with respect to "temporary relief products" and TB testing. Plaintiff does not allege a serious medical condition of a constitutional nature. He does not explain what serious condition prompted him to request temporary relief products, and he has expressed only speculation that he may have been exposed to TB, not that he actually suffers from the condition.

Plaintiff's claim regarding dental care, however, does state a viable constitutional cause of action. At the screening hearing, Plaintiff alleged that he has a cavity in one of his teeth that is causing him pain, and that as of the time of the screening hearing he had not received any treatment. Although his complaint that he has not received routine preventive dental care does not state a constitutional claim, the Court finds that Plaintiff's inadequate medical care claim regarding an untreated cavity and sore tooth should be allowed to proceed for further development. The Court further finds that Plaintiff's claim regarding untreated back pain also should be allowed to proceed at this time for further development.

**5. Unsanitary Conditions of Confinement**

Plaintiff alleges that the general conditions of his confinement are unsanitary and therefore unconstitutional. Specifically, Plaintiff alleges that there is black mold on the walls and ceilings. Human secretions are on the walls and floors. The shower leaks. The shower curtain is covered with mildew. He has no place to hang his towel. The floor is constantly wet with standing water, which caused him to slip and fall on more than one occasion. Defendant fails to provide inmates with cleaning supplies to clean the tables after each meal. Clean up is performed in the zones only three times a week for 15 to 20 minutes. Plaintiff suspects that the United

States health laws are being violated.

The Constitution does not require that inmates be housed in comfortable prisons; however, the Eighth Amendment's prohibition against cruel and unusual punishment does require that prisoners be afforded humane conditions of confinement and prison officials are to ensure that inmates receive adequate food, shelter, clothing, and medical care. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). In order to establish an Eighth Amendment violation regarding conditions of confinement, an inmate must establish (1) that the deprivation alleged was sufficiently serious, i.e. an official's act or omission must have resulted in the denial of "the minimal civilized measure of life's necessities"; and (2) that the prison official possessed a sufficiently culpable state of mind. *Id.* The required state of mind is one of deliberate indifference to inmate health or safety. *Id.* Deliberate indifference is established by showing that prison officials (1) were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn; and (2) that they actually drew an inference that such potential for harm existed. Pursuant to 42 U.S.C. § 1997e(e), an inmate may not recover for emotional or mental damages without a showing of a specific physical injury. *Id.* at 665.

Plaintiff is under the misconception that he is entitled to a "comfortable prison". *See Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (holding that inmates are not entitled to "comfortable prisons" under the Constitution). He has failed to allege conditions of confinement that result in the denial of "the minimal civilized measure of life's necessities". Plaintiff primarily complains about lack of cleanliness but he does not allege anything that resembles a constitutional violation. The same is true of Plaintiffs claim that he receives inadequate "yard call", which he admits he receives once a week. *See Helling v. McKinney*, 509 U.S. 25, 36

6

(1993) (holding that the inmate must show that the risk of which he complains is "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk"). At the screening hearing, Plaintiff informed the Court that he had been moved to the "new building"; therefore, the issues regarding unsanitary conditions in his prior place of confinement are now moot. *See Edwards v. Johnson*, 209 F.3d 772, 776 (5th Cir. 2000); *Rocky v. King*, 900 F.2d 864, 867 (5th Cir. 1990)

**6. Prison Food**

Plaintiff complains that the jail food is not hot and that the portions are too small. This is a frivolous claim. Plaintiff has presented nothing more than an unsubstantiated and conclusory allegation that his meals somehow were inadequate. *See Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998); *Green v. Ferrell*, 801 F.2d 765, 770-71 (5th Cir. 1986). Plaintiff also alleges that he missed a meal on one or two occasions. The deprivation of one or two meals does not state a constitutional claim. *See Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999); *Talib*, 138 F.3d at 214 n.3.

**7. Failure to Protect**

Plaintiff alleges that the jail lacks a classification system, which has caused Plaintiff to be housed in zones with other inmates who were the friends of alleged victims of the crime for which he has been accused. Plaintiff alleges that he was "pummeled" by these other inmates. Prison officials have a constitutional duty to protect inmates from violence at the hands of their fellow inmates. *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006). However, prison officials are not expected to prevent all inmate-on-inmate violence. *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003). An inmate "must show that he is incarcerated under conditions posing a

substantial risk of serious harm" and that prison officials were deliberately indifferent to the inmate's safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). An official acts with the requisite deliberate indifference if he is aware of an "excessive risk to inmate . . . safety" and disregards that risk. *Id.* at 837. An officer's awareness of the risk is evaluated subjectively. *Longoria*, 473 F.3d at 592-93. A prison official knows of an excessive risk only if (1) he is aware of facts from which he could infer that a substantial risk of serious harm exists, and (2) he in fact draws the inference. *Id.* at 593. No liability exists if an official reasonably responded to a known substantial risk, even if the harm was ultimately not averted. *Id.*

Plaintiff does not allege any knowledge on the part of Defendant that Plaintiff was exposed to a risk of being attacked by other inmates. In fact, Plaintiff himself was not aware of the risk of harm until just before he was attacked by the other inmates. At the screening hearing, he stated that he did not know who his assailants were or why they would want to attack him until just before the assault occurred. As such, Plaintiff has failed to allege the requisite knowledge on Defendant's part to state a constitutional cause of action. Moreover, to the extent that Plaintiff requests that he be assigned a classification, he possesses no constitutional right to a particular classification level as an inmate. *See Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988).

**8. Equal Protection**

Plaintiff next contends that he was subjected to racial discrimination in that white inmates receive more favorable housing assignments than black inmates. A prisoner has no constitutional right to a particular housing assignment. *See Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000). However, it is a violation of the Equal Protection Clause if a defendant treats one set of persons

8

differently from others who are similarly situated. *Id.*

At the screening hearing, Plaintiff admitted that he has been given a more desirable housing assignment in that he was moved to the "new building". He also admitted that some white inmates are housed in the less desirable zones. Plaintiff's own statements, that he is in a desirable housing assignment and that some white inmates are in less desirable housing assignments, demonstrate that he is not being treated differently from similarly situated white inmates. Consequently, he has failed to state a cause of action for race discrimination under the Equal Protection Clause.

### 9. Overcrowding

Plaintiff argues that the jail is overcrowded. He asserts that on some occasions he did not have a bed to sleep on, although he concedes that on those occasions he was given a mat and a blanket. He also admitted that as of July 17, 2008, he was moved into a zone in the new building which had 48 bunks and only about 50 inmates. The Court finds that Plaintiff has failed to state a constitutional claim for overcrowding. Even so, the issue of overcrowding with respect to Plaintiff was resolved when Plaintiff was moved to the new building which he admits is not overcrowded. *See Edwards v. Johnson*, 209 F.3d 772, 776 (5th Cir. 2000); *Rocky v. King*, 900 F.2d 864, 867 (5th Cir. 1990).

### 10. Fire and Safety Drills

The Court finds that Plaintiff's allegations that the jail does not perform fire drills or safety drills is insufficient to state a cause of action of constitutional magnitude. Although there is case law suggesting that fire hazards at prisons may rise to a constitutional level, the Court finds that the United States Constitution does not guarantee an inmate the right to participate in

fire drills.  *See Ruiz v. Estelle*, 679 F.2d 1115, 1152-53 (5th Cir. 1982); *Hadix v. Johnson*, 367 F.3d 513, 527-30 (6th Cir. 2004).  Negligent exposure to a risk is not sufficient to create an Eighth Amendment violation.  *See Farmer*, 511 U.S. at 835-36.

## 11. Personal Hygiene Products

Plaintiff next contends that Defendant has not provided him with adequate personal hygiene items.  He asserts that he receives only one bar of soap and one tube of toothpaste per month.  The Court finds that these allegations are frivolous and also fail to state a constitutional claim.  One bar of soap and one tube of toothpaste per month does not constitute a deprivation of "the minimal civilized measure of life's necessities".  *See Herman*, 238 F.3d at 664.

## 12. Lost Personal Property

Plaintiff claims that Defendant failed to protect his personal property.  He alleges that when he was booked into the facility, he was not issued a receipt or list of personal property.  Specifically he alleges that a set of car keys and a bus ticket are missing.  The Due Process clause is not implicated by a state official's negligent act causing unintended loss of property.  *Simmons v. Poppell*, 837 F.2d 1243, 1244 (5th Cir. 1988).  Even intentional destruction of an inmate's property does not raise a constitutional claim if adequate post-deprivation remedies exist.  *Id.*  Plaintiff has failed to allege the necessary intent with respect to his personal property.  Moreover, the state of Mississippi provides a meaningful post-deprivation remedy.  *See Nickens v. Melton*, 38 F.3d 183, 184-85 (5th Cir. 1994).  Consequently, the Court finds that this claim should be dismissed.

## 13. Incoming Mail

Plaintiff next contends that his legal mail is being opened outside of his presence.  The

control of mail to and from prisoners is a necessary adjunct of penal administration. *See Thronburgh v. Abbott*, 490 U.S. 401, 407-08 (1989). The Fifth Circuit has held that there is no constitutional requirement that a prisoner be present when his incoming mail, even legal correspondence, is opened and inspected. *See Brewer v. Wilkinson*, 3 F.3d 816, 825 (5th Cir. 1993).

**14, Access to Courts/Inadequate Law Library**

Plaintiff alleges that the law library is inadequate; however, he admits that the jail employs a paralegal to assist inmates with legal research. Plaintiff contends that when he was first incarcerated, surveillance video existed that would have exonerated him in his underlying criminal case. He did not have an attorney at the outset of his incarceration and therefore argues that he could rely only on his own legal research to obtain those exculpatory videos. The videos ultimately were lost or destroyed before the public defender was appointed to defend him. As of the screening hearing, Plaintiff's criminal matter was still pending.

Prisoners have a constitutional right to meaningful access to the courts through adequate law libraries or assistance from legally trained personnel. *McDonald v. Steward*, 132 F.3d 225, 230 (5th Cir. 1998). This constitutional guarantee does not afford prisoners unlimited access to prison law libraries. *Id.* Before a prisoner may prevail on a claim that his constitutional right of access to the court was violated, he must demonstrate that his position as a litigant was prejudiced by his denial of access to the courts. *Id.* at 230-31. In this case, Plaintiff asserts that he was prejudiced in his criminal case by his inability to conduct legal research. Out of an abundance of caution, the Court finds that Plaintiff's access to courts claim should be allowed to go forward for further development.

11

**15. Overcharging by Jail Canteen Services**

Plaintiff alleges that the jail's canteen service (Aramak) charges exorbitant prices. This claim also fails to rise to a constitutional level. *See McCall v. Keefe Supply Co.*, 71 Fed. Appx. 779, 780 (10th Cir. 2003) (unpublished); *French v. Butterworth*, 614 F.2d 23, 25 (1st Cir. 1980); *Lineberry v. United States*, 2009 WL 499763 at *18 (E.D. Tex. 2009).

**16. Excessive Force**

Plaintiff alleges that on June 30, 2008, "Deputy Woods ran behind me and punched me in the upper part of my face and began to choke me. While choking me, he was pushing me backwards and ran my head into the wall." Plaintiff does not allege any injury, *de minimis* or otherwise, resulting from this altercation. Plaintiff asserts that he brought the incident to Defendant Broadus' attention, but that Defendant did not reprimand Deputy Woods.

To prevail on an excessive force claim, Plaintiff must show an (1) injury; (2) which resulted directly and only from a use of force that was clearly excessive; and (3) the excessiveness of which was clearly unreasonable. *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005). Plaintiff does not allege any injury resulting from the incident; therefore, he has failed to allege one of the essential elements of his constitutional claim. Morever, even if Plaintiff had alleged an injury, he has not alleged that Defendant Broadus perpetrated the act of excessive force. Rather, Plaintiff's only real complaint against Broadus is in his supervisory capacity. Defendant may not be held liable for the unconstitutional conduct of his subordinates under a theory of *respondeat superior*. *See Kohler v. Englade*, 470 F.3d 1104, 1114-15 (5th Cir. 2006); *Williams v. Luna*, 909 F.2d 121, 123 (5th Cir. 1990). Nor has Plaintiff alleged supervisory liability in that Defendant somehow sanctioned or could have prevented the incident in question.

*See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948-50 (2009) (explaining the limits of supervisory liability).

**17. Retaliation**

Plaintiff makes various allegations of retaliation in his complaint and amended complaint. He asserts that he has received various rules violation reports because he is being singled out and retaliated against. Plaintiff also alleges that Defendant purposefully fabricated an excuse to prohibit Plaintiff from receiving law materials when Defendant discovered that he was planning to file a civil complaint against him. Plaintiff also alleges that Defendant moved Plaintiff to a new housing assignment in order to prevent him from helping other inmates file lawsuits.

To state a valid claim for retaliation under § 1983, Plaintiff must allege (1) a specific constitutional right; (2) the defendants intent to retaliate against the prisoner for his exercise of that right; (3) a retaliatory adverse act, and (4) causation. *See Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). Retaliation against a prisoner is actionable only if it is capable of deterring a prisoner of ordinary firmness from further exercising of his constitutional rights. *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008).

The issue of RVRs, and whether Plaintiff had proper notice and an opportunity to be heard, already has been allowed to proceed. In conjunction with the RVR and due process claims raised by Plaintiff, the Court will allow Plaintiff to proceed on the issue of whether he was disciplined in retaliation for filing his grievances and/or civil suit. *See Hart v. Hairston*, 343 F.3d 762, 763 (5th Cir. 2003); *Woods v. Smith*, 60 F.3d 1161, 1162-63 (5th Cir. 1995). Plaintiff does not have a constitutional right to assist other inmates in obtaining access to the Courts; therefore, the fact that Plaintiff was separated from other inmates who desired his assistance does

not state a claim for retaliation under § 1983. Moreover, Plaintiff has not demonstrated that Defendant's alleged conduct prohibiting Plaintiff from receiving law materials has prevented him from accessing the courts–at least not with respect to the present lawsuit. Rather, Plaintiff has demonstrated an ability to access this Court by filing his § 1983 complaint and asserting his claims.

With respect to his criminal case, Plaintiff alleges that he did not have an attorney during the first four months of his incarceration. Thus, he argues that he needed access to the law library in order to conduct research for his criminal case, at least up until the point he was appointed counsel. As the Court is allowing Plaintiff to go forward on his access to courts claim for his criminal matter, the Court will allow the retaliation claim with respect to legal research for his criminal matter to proceed as well for further development of the record. *See Jones*, 188 F.3d at 325-26 (recognizing denied access to courts as a possible basis for a retaliation claim).

**18. Free Exercise Clause**

In the last of his amended complaints, Plaintiff alleges that Defendant violated his First Amendment right to free exercise of religion. Plaintiff contends that Defendant, despite requests from Plaintiff, has not provided Plaintiff with Islamic religious services. Plaintiff does not allege that Defendant is preventing Plaintiff from practicing his religion per se, only that the jail does not conduct an Islamic service. Plaintiff's primary complaint is that the lack of Islamic services does not provide an opportunity for other inmates to be exposed to Islam. In essence, Plaintiff suggests that he would like the opportunity to proselytize and convert other inmates to Islam. In this regard, Plaintiff complains that Defendant has not created a forum for Plaintiff to teach other inmates about Islam.

Plaintiff does not have standing with respect to the exercise of religious freedom of other inmates. Hence, whether other inmates are afforded the opportunity to learn about Islam is not at issue in this case. However, the Court finds that Plaintiff has sufficiently raised the issue of whether his personal right to free exercise of religion has been violated by Defendant's refusal to provide Islamic religious services, or alternatively to allow inmate-led Islamic religious services. *See Mayfield v. Texas Dep't of Crim. Justice*, 529 F.3d 599, 607-08 (5th Cir. 2008); *Spratt v. Rhode Island Dep't of Corrections*, 482 F.3d 33, 41 n.12 (1st Cir. 2007) (post-RLUIPA lawsuit); *Anderson v. Angelone*, 123 F.3d 1197, 1198 (9th Cir. 1997) (upholding Nevada's ban on inmate-led religious activity as reasonably related to legitimate prison security concerns); *Hadi v. Horn*, 830 F.2d 779, 785 n.9 (7th Cir. 1987); *Tisdale v. Dobbs*, 807 F.2d 734, 738-39 (8th Cir. 1986) (upholding regulation requiring religious services to be led by "outside free-world sponsor). In assessing this claim, the Court will be called upon to balance Plaintiff's rights under the First Amendment against the security interests of the jail.

IT IS THEREFORE ORDERED AND ADJUDGED that the following claims raised in Plaintiff's 42 U.S.C. § 1983 complaint shall be allowed to proceed:

(1) whether Defendant violated Plaintiff's due process rights regarding rules violation reports for incidents that occurred June 30, 2008, and/or retaliated against him when issuing the RVRs;

(2) whether Defendant violated Plaintiff's due process rights when placing him in lockdown and/or retaliated against him by putting him in lockdown;

(3) whether Defendant denied Plaintiff adequate medical care for treatment of a cavity and back pain;

(4) whether Defendant denied Plaintiff's right to access to the courts on his criminal charges and/or retaliated against him with respect to this issue; and

(5) whether Defendant violated Plaintiff's constitutional rights under the Free Exercise Clause.

IT IS FURTHER ORDERED that the Court will enter a separate order with scheduling deadlines for these claims.

IT IS FURTHER ORDERED that the remainder of Plaintiff's claims are hereby dismissed with prejudice for failure to state a claim under the for which relief may be granted.

SO ORDERED, this the 15th day of June, 2009.

> s/ *Robert H. Walker*
> UNITED STATES MAGISTRATE JUDGE